

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :

         - v. -                  :     INDICTMENT

BRIAN H. MADDEN,                 :     09 CRIM. 799

         Defendant.              :
                                 :
- - - - - - - - - - - - - - - - - x

### COUNT ONE
(Wire Fraud)

The Grand Jury charges:

### BACKGROUND

1.   At all times relevant to this Indictment, Liberty Title Agency, LLC ("Liberty Title") was a title insurance agency with offices located in Uniondale, New York and New York, New York.  Prior to its demise in or about April 2009, Liberty Title was one of the largest independently-owned title insurance agencies in New York State.

2.   At all times relevant to this Indictment, Liberty Agency Holdings, LLC ("Liberty Agency") was the parent company to Liberty Title.

3.   As a title insurance agent, Liberty Title issued title insurance policies on behalf of several underwriters in connection with commercial and residential real estate transactions, primarily in the Northeastern United States.

4. Title insurance is sold to purchasers of property or lenders financing the purchase of property, and is meant to protect the owner's or lender's financial interest in real property against loss due to title defects or liens. To that end, Liberty Title often was hired to correct any such encumbrances on, and title defects to, real estate, and was also required to record the deed, mortgage, or other real estate transaction with an official governmental authority in order to ensure the client's interest in the property was properly protected. In addition to these services, Liberty Title was also, at times, entrusted with client funds to be held in escrow for the client's benefit for a certain period of time. Funds were also provided to Liberty Title to pay the required taxes and recording fees for the transaction, or for Liberty Title to hold as a deposit to be paid to the seller of the property.

5. At all times relevant to this Indictment, BRIAN H. MADDEN, the defendant, was the President of both Liberty Title and Liberty Agency. Among his other duties, MADDEN managed the day-to-day banking and accounting affairs of Liberty Title and Liberty Agency.

6. BRIAN H. MADDEN, the defendant, also operated two other related title insurance agencies: Skyline Title, LLC ("Skyline Title") and GNY Liberty Abstract, LLC ("GNY Liberty"). Both Skyline Title and GNY Liberty were joint venture entities in

which Liberty Agency was a partner. Liberty Title was appointed to function as the manager of Skyline Title and GNY Liberty, meaning that Liberty Title was retained to provide title insurance services for both Skyline Title and GNY Liberty. MADDEN managed the day-to-day business operations and affairs of both Skyline Title and GNY Liberty, including the banking and accounting affairs of these companies.

## THE SCHEME TO DEFRAUD

7.  As set forth more fully below, from at least in or about 2008, through in or about April 2009, in the Southern District of New York and elsewhere, BRIAN H. MADDEN, the defendant, engaged in an illegal scheme to defraud, and to embezzle and misappropriate funds from Liberty Title, Skyline Title and GNY Liberty, including client funds purportedly held in escrow by those companies as well as the operating funds of Skyline and GNY Liberty, in order to sustain the operations of Liberty Title and to cover and maintain his significant personal withdrawals of funds from Liberty Title.

8.  In furtherance of this scheme, while purporting to properly segregate and maintain the escrow and client funds of Liberty Title, Skyline Title, and GNY Liberty as required, BRIAN H. MADDEN, the defendant, fraudulently commingled these monies and used such funds for his own purposes. Among other things, MADDEN caused millions of dollars of escrow and other funds to be

transferred between and among various bank accounts held by Skyline Title, GNY Liberty, and Liberty Title, into other accounts used by Liberty Title, in order to sustain Liberty Title's operations and MADDEN's ongoing withdrawals of funds for his personal use.

9.   In furtherance of this scheme, BRIAN H. MADDEN, the defendant, also used new escrow and other funds provided by clients of Liberty Title, Skyline Title and GNY Liberty to pay off debts owed on behalf of other clients whose funds MADDEN misappropriated as part of his scheme.

10.   In furtherance of his scheme to defraud, MADDEN regularly transferred operating and other funds held in bank accounts used by Skyline Title into accounts maintained by Liberty Title, which funds MADDEN then used for his own purposes.

11.   In furtherance of this scheme, and because BRIAN H MADDEN, the defendant, misappropriated funds provided by clients of Liberty Title, Skyline Title, and GNY Liberty that were to be used to record real estate transactions and mortgages and to pay various transaction taxes and fees, MADDEN failed to timely and properly record and pay taxes on dozens of mortgages and other real estate transactions, thereby exposing his clients to the possible loss of their interests in the properties on which those mortgages were supposed to be filed.

12.   In furtherance of this scheme, BRIAN H. MADDEN,

4

the defendant, unilaterally withdrew several million dollars from Liberty Title's bank accounts for his personal use in the form of "draws" (or advances on compensation). MADDEN continued to take significant cash draws from Liberty Title even after its dire financial condition became apparent.

13. In furtherance of this scheme, BRIAN H. MADDEN, the defendant, caused the interstate wires to be used, including by causing clients to transfer funds to Liberty Title through interstate wire transfer from bank accounts outside of New York to banks inside of New York, and causing transfer orders between and among the various bank accounts that he and Liberty Title controlled to be executed through interstate wires.

14. As just one example of the operation of the scheme to defraud perpetrated by BRIAN H. MADDEN, the defendant, on or about December 2, 2008, a large New York City developer ("Victim-1"), wired millions of dollars to Liberty Title in connection with a real estate transaction involving property located at 531-533 West End Avenue in New York, New York (the "West End Transaction"). Among other things, Victim-1's wire transfers to Liberty Title included more than $2.1 million reserved to pay off mortgage real estate taxes in connection with the West End Transaction and to record the transaction with the New York County clerk. BRIAN H. MADDEN, the defendant, did not timely record the transaction or pay the real estate taxes, and instead

fraudulently used the funds for his own unrelated purposes. By late February 2009, when MADDEN finally authorized the issuance of an approximately $2.1 million check for the payment of the real estate taxes and recording fees for the West End Transaction, Liberty Title lacked sufficient funds to cover the check. Therefore, to cover the shortfall, MADDEN fraudulently transferred to Liberty Title approximately $375,000 from a Skyline Title bank account and approximately $525,000 from a GNY Liberty bank account, of which approximately $500,000 were escrow funds entrusted to GNY Liberty. In addition, among other things, to provide additional funds needed to cover the approximately $2.1 million check, MADDEN also misappropriated approximately $500,000 of escrow funds that had been entrusted to Liberty Title by a second victim ("Victim-2"). When Liberty Title collapsed in or about April 2009, Liberty Title lacked sufficient funds to repay Victim-2's purportedly escrowed deposit, as well as escrow and other funds entrusted to Liberty Title, Skyline Title, and GNY Liberty by several other clients of those agencies.

15. In total, as a result of the scheme to defraud, clients of Liberty Title, Skyline and GNY Liberty have sustained losses of at least approximately $4.7 million dollars. Moreover, in total, between in or about January 2008 and in or about April 2009, BRIAN H. MADDEN, the defendant, withdrew more than $2 million from Liberty Title for his personal use.

6

**STATUTORY ALLEGATION**

16.  From at least in or about 2008, through in or about April 2009, in the Southern District of New York and elsewhere, BRIAN H. MADDEN, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire and radio communication in interstate commerce, writings, signs, signals, pictures and sounds, for the purpose of executing such scheme and artifice, to wit, MADDEN fraudulently misappropriated escrow and other client funds which were supposed to have been maintained by several title insurance agencies he operated, which funds he used for, among other things, his own personal enrichment and to pay other, unrelated business expenses, and in the course of executing this scheme he caused interstate wire transfers to be made.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT TWO**
**(Money Laundering)**

The Grand Jury further charges:

17.  Paragraphs 1 through 15 of this Indictment are repeated, realleged and incorporated by reference as though fully set forth herein.

7

18. From at least in or about 2008, through in or about April 2009, in the Southern District of New York and elsewhere, BRIAN H. MADDEN, the defendant, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to wit, proceeds of the wire fraud scheme alleged in Count One of this Indictment, conducted and attempted to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, MADDEN effected wire transfers of funds from Liberty Title's bank accounts to Skyline Title, and executed checks and effected other monetary transactions on behalf of Liberty Title, all of which were designed to conceal the fact that funds had been misappropriated from Skyline Title, GNY Liberty, and/or the escrow accounts of several of Liberty Title's clients.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 2.)

## COUNT THREE
### (Insurance Fraud)

The Grand Jury further charges:

19. Paragraphs 1 through 15 of this Indictment are repeated, realleged and incorporated by reference as though fully set forth herein.

20.  From at least in or about 2008, through in or about April 2009, in the Southern District of New York and elsewhere, BRIAN H. MADDEN, the defendant, unlawfully, willfully, and knowingly, acting as and being an officer, director, agent and employee of a person engaged in the business of insurance whose activities affected interstate commerce, did embezzle, abstract, purloin, and misappropriate the moneys, funds, premiums, credits and other property of such person so engaged, to wit, MADDEN misappropriated and embezzled several million dollars of escrow and other client funds that had been entrusted to three title insurance agencies that he operated and controlled, which funds he used for, among other things, his own personal enrichment and to pay other, unrelated business expenses.

(Title 18, United States Code, Sections 1033(b)(1)(A) and 2.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

21.  As a result of committing the wire fraud offense alleged in Count One of this Indictment, BRIAN H. MADDEN, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the wire fraud offense, including but not limited to at least $9,967,682 in United States currency, in that such sum in aggregate is property

representing the amount of proceeds obtained as a result of the wire fraud offense.

## FORFEITURE ALLEGATION AS TO COUNT TWO

22. As a result of committing the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count Two of this Indictment, BRIAN H. MADDEN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to at least $4,907,156 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property.

## SUBSTITUTE ASSETS PROVISION

23. If any of the forfeitable property described in paragraphs 21 and 22 of this Indictment as being subject to forfeiture, as a result of any act or omission of the defendant

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including but not limited to the following:

    a. All the interest of BRIAN MADDEN, the defendant, in the real property and appurtenances thereto known as:

      (i) 236 East 47th Street, 19E, New York, New York;

      (ii) 265 Bay Avenue, Huntington Bay, New York;

      (iii) 97 Sharon Lane, Greenlawn, New York;

      (iv) 2820 Shipyard Lane, Unit 2G2, East Marion, New York;

      (v) Rock Cove Estates, Greenport, New York (District 1000, Section 38.2, Block 1, Lot 28)

    b. Any and all funds and other assets held in the following accounts:

    (i) Bank Account No. 7916817401, in the name of Brian H. Madden, held at TD Bank in Uniondale, New York;

    (ii) Bank Account No. 300000775, in the name of Brian H. Madden, held at American Community Bank;

    (iii) Investment Account No. 4PQ-002215, in the name of Brian H. Madden, held at Devenir Group Wealth Management;

  c. Any and all funds held in a 401-K Account at Paychex Services, Plan No. 185156, in the name of Brian H. Madden;

  d. Any and all funds held in a 401-K Account at Paychex Services, Plan No. 185156, in the name of Elizabeth D. Madden;

  e. Approximately $108,610 in United States Currency, seized by law enforcement, on or about May 19, 2009, from the residence located at 97 Sharon Lane, Greenlawn, New York during a court-authorized search of the residence.

  f. The following cashier's checks seized by law enforcement, on or about May 19, 2009, during a court-authorized search of the residence located at 97 Sharon Lane, Greenlawn, New York:

  (i) check number 3397233 issued by Bank of America in the amount of $100,151.89 in the name of "Melissa K. Madden,"

  (ii) check number 3397234 issued by Bank of America in the amount of $125,162.74 in the name of "Melissa K. Madden,"

  (iii) check number 8000515260 issued by Capital One Bank in the amount of $152,098.00 in the name of "Melissa K. Madden,"

  (iv) check number 10120288 issued by Apple Bank in the amount of $15,000.00 in the name of "Melissa K. Madden,"

  (v) check number 10120287 issued by Apple Bank in the amount of $5,688.27 in the name of "Melissa K. Madden."

(Title 18, United States Code, Sections 982, 1343, and 1956.)

_____
Foreperson

_____
PREET BHARARA
United States Attorney

13

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

BRIAN H. MADDEN

Defendant.

INDICTMENT

(Title 18, United States Code,
Sections 1343, 1956, 1033, and 2)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.